UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVEN MORRIS**                                                                                 **CIVIL ACTION**

**VERSUS**                                                                                             **No. 11-1033**

**ARCH INSURANCE COMPANY, ET AL.**                                                **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants, Arch Insurance Company ("Arch") and SWDI, LLC ("SWDI"). Plaintiff, Steven Morris, opposes[2] the motion. For the following reasons, defendants' motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

### *BACKGROUND*

Plaintiff filed a complaint on May 3, 2011 alleging that he was injured when a dump truck collided with the car in which he was a passenger.[3] Plaintiff asserts that the driver of the truck, Elise Ingram ("Ingram"), and her employer, SWDI,[4] were negligent in causing the accident.[5] Plaintiff further asserts that Arch issued an insurance policy to SWDI, LLC, "insuring against the negligent operation of a motor vehicle on the date of accident in favor of SWDI and its employees including Elise Ingram, under which Elise Ingram is an omnibus insured."[6] Therefore, plaintiff alleges that Arch, as the insurer of the employer and the employee, "is

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 13.
[3] R. Doc. No. 1.
[4] Plaintiff also alleges that SWDI owned the dump truck. Id.
[5] *Id.*
[6] *Id.*

1

jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence" set forth in plaintiff's complaint.[7]

Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1332. Defendants move to dismiss plaintiff's complaint on the ground that this Court lacks diversity jurisdiction because of incomplete diversity among the parties.

## LAW & ANALYSIS

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction carries the burden of proof. *Id.*  The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

Defendants assert that subject matter jurisdiction does not exist due to the lack of complete diversity pursuant to 28 U.S.C. § 1332(c)(1).[8]  Ingram is not a named party to this lawsuit, but she is an omnibus insured under the policy of insurance between SWDI and Arch.[9]  Defendants submit that since Ingram is a Louisiana citizen, Arch should also be deemed to be a

---

[7] *Id.*
[8] "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).
[9] *See* R. Doc. No. 1 (alleging that Ingram is an omnibus insured under the policy issued by Arch); *see also* R. Doc. No. 8-2, p.2 ("An 'employee' of yours is an 'Insured' while operating an 'auto' hired or rented under a contract or agreement in that 'employee's' name, with your permission, while performing duties related to the conduct of your business.").

Louisiana citizen for the purposes of 28 U.S.C. § 1332(c)(1).  Therefore, defendants claim that since plaintiff is also a Louisiana citizen, there is not complete diversity between the parties.

In *Green v. Wolters Kluwer U.S. Corp.*, 2008 WL 2355848, *1 (E.D. La. Jun. 6, 2008), another section of this Court addressed this issue when faced with nearly identical factual circumstances.  In *Green*, the plaintiff filed a lawsuit in federal court seeking relief for damages resulting from a car accident.  Specifically, the plaintiff alleged that he "was a passenger in a truck that collided with another vehicle being driven by Natasha M. McIntyre, an employee of Defendant, Wolters Kluwer." *Id.* at *1.  The plaintiff named ACE American Insurance Company, which issued the applicable insurance policy to Wolters Kluwer,[10] as a defendant. *Id.* at *2.  The court held that plaintiff's failure to join Ms. McIntyre as a party did not prevent the court from determining that complete diversity did not exist. *Id.*  The court concluded that "[b]ecause McIntyre is a Louisiana citizen, so too is Defendant ACE American Insurance Company" and, therefore, there was no subject matter jurisdiction. *Id.*

In arriving at its conclusion, the *Green* court relied on the Fifth Circuit's opinion in *Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207 (5th Cir. 1972), which held that the purpose of 28 U.S.C. § 1332(c)(1) was not to limit the term "insured" to the named insured, but rather was to include both the named insured and omnibus insured. *Id.* at 1209.  The Fifth Circuit further stated that the purpose of subsection (c)(1) of the diversity statute was to eliminate diversity jurisdiction in situations where a local party brought an action directly against the foreign insurance carrier without joining the other local party tortfeasor as a defendant. *Id.*

The Court finds the holdings in *Green* and *Williams* equally applicable to the facts of this case.  Because Ingram is an omnibus insured of Arch, Arch is deemed a citizen of Louisiana.

---

[10] Natasha McIntyre was an omnibus insured under the ACE American policy issued to Wolters Kluwer. *Green*, 2008 WL 2355848, at *2.

Accordingly, since both plaintiff and defendant Arch are citizens of Louisiana, there is no subject matter jurisdiction under 28 U.S.C. § 1332.

For the foregoing reasons,

**IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, July 21, 2011.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE