**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**STEVEN MORRIS**                                              **CIVIL ACTION**

**VERSUS**                                                          **No. 11-1033**

**ARCH INSURANCE COMPANY, ET AL.**                      **SECTION I**


**ORDER AND REASONS**

Before the Court is a motion[1] for reconsideration filed by plaintiff, Steven Morris.

Defendants, Arch Insurance Company ("Arch") and SWDI, LLC ("SWDI"), have filed an

opposition.[2]  For the following reasons, plaintiff's motion for reconsideration is **DENIED.**

*BACKGROUND*

Plaintiff filed a complaint alleging that he suffered injuries when a dump truck collided

with the rear of a car in which he was a passenger.  Plaintiff is a resident of Louisiana.  He

alleged that Elise Ingram ("Ingram"), who is also resident of Louisiana, was driving the dump

truck as an employee of SWDI.

Plaintiff named SWDI and its omnibus  insurer, Arch, as defendants.  Both SWDI and

Arch are foreign businesses.  However, this Court dismissed the complaint for lack of

jurisdiction when it found that Arch was a non-diverse defendant.[3]  The Court explained that

"[b]ecause Ingram is an omnibus insured of Arch, Arch is deemed a citizen of Louisiana.

Accordingly, since both plaintiff and defendant Arch are citizens of Louisiana, there is no subject

matter jurisdiction under 28 U.S.C. § 1332."[4]

---

[1] R. Doc. No. 16.
[2] R. Doc. No. 18.
[3] R. Doc. No. 14.
[4] R. Doc. No. 14.

Plaintiff has now filed a motion for reconsideration to prevent "manifest injustice."[5] Plaintiff requests that the Court reinstate the case and allow him to voluntarily dismiss Arch, the non-diverse defendant.[6]  Plaintiff has also filed a new suit that names only SWDI  as a defendant.[7]

## LAW & ANALYSIS

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief is properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 338 (5th Cir. 1997); *see also Negron–Almeda v. Santiago,* 528 F.3d 15, 20 (1st Cir. 2008) ("No matter how a party titles it, a post-judgment motion made within [twenty-eight] days of the entry of judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).") (quotation marks omitted). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon,* No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990)).[8]

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment,

---

[5] R. Doc. No. 16.
[6] R. Doc. No. 16.
[7] Steven Morris, Jr., et al. v. SWDI, LLC, Civil Action No. 11-2345.
[8] If the motion is filed within twenty-eight days of the ruling about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004). Because plaintiff filed his motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

*Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *Id.* "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.,* No. 99-0628, 1999 WL 796218 (E.D. La. Oct. 5, 1999) (Vance, J.).

Plaintiff contends that reconsideration is necessary to prevent "manifest injustice" because dismissal of the case is a harsh remedy that will cause unnecessary expense and delays in the administration of justice. Plaintiff provides three arguments in support of that contention. First, plaintiff argues that litigation moves much faster in federal court than in state court. Second, plaintiff argues that federal courts require status conferences that facilitate settlement. Third, plaintiff argues that federal courts assign trial dates and deadlines faster than state courts.

The Court rejects plaintiff's argument that withholding federal jurisdiction in accordance with 28 U.S.C. §1332 is manifestly unjust. Plaintiff cites no authority in support of its novel

argument that state courts are unable to provide an adequate forum for his claims.  Plaintiff asserts no other grounds for reconsideration such as newly discovered evidence, an intervening change in controlling law, or manifest errors of fact or law.  Moreover, the fact that plaintiff filed a new suit naming only SWDI as a defendant renders moot his request for permission to voluntarily dismiss Arch.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, October 6, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**